IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Ahmed Awadallah and Jeffrey Sousa, on behalf of themselves and others similarly situated | : : Case No. : : Judge |
| Plaintiffs, | : : |
| v. | : : |
| Safelite Fulfillment, Inc. | : : |
| Defendant. | : |

**NOTICE OF REMOVAL**

Defendant, Safelite Fulfillment, Inc. ("Defendant"), through counsel, hereby gives notice of the removal of this action by Plaintiffs, Ahmed Awadallah and Jeffery Sousa ("Plaintiffs"), from the Superior Court Department, Commonwealth of Massachusetts, Middlesex, SS., to the United States District Court for Massachusetts, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446. The grounds for removal are as follows:

1. On November 15, 2022, Plaintiff filed a Complaint and Jury Demand in the Superior Court Department, Commonwealth of Massachusetts, Middlesex, SS., entitled "*Ahmed Awadalla and Jeffrey Sousa v. Safelite Fulfillment, Inc.*" Case No. 2281CV03944 (the "State Court Case"). A Summons was issued by the court on December 28, 2022, and Defendant was served with a copy of the Summons and Complaint on December 28, 2022. A copy of the Summons and the Complaint are attached hereto as Exhibit A. Defendant has been served with no other process, pleadings, or orders in the state court matter.

2. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). See 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts

original jurisdiction over civil class actions filed under federal or state law in which any member of a class of 100 or more putative class members is a citizen of a state different from any defendant and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

3. CAFA applies to actions that were "commenced" on or after February 18, 2005. Because the State Court Action was filed on August 5, 2022, it was "commenced" on or after November 15, 2022, and removal is proper under CAFA.

4. This Notice of Removal is filed within thirty (30) days from the date on which Defendant received the Summons and Complaint.

5. The putative class described in the Complaint is alleged to include "well more than 100 such individuals." Complaint ¶¶ 11-12. Accordingly, the class size is sufficiently large for CAFA jurisdiction to apply.

6. CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiffs and Safelite are citizens of different states.

7. "For purposes of diversity, a person is a citizen of the state in which he is domiciled." *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008).

8. Plaintiffs alleges that they reside and work in Massachusetts. Complaint at ¶¶ 5-6. Therefore, Plaintiffs are citizens of the Commonwealth of Massachusetts.

9. Conversely, Defendant Safelite Fulfillment, Inc. is not a citizen of Massachusetts. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010) (A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities.").

10. Safelite is a corporation organized under the laws of the State of Delaware. Complaint at ¶ 8. Its principal place of business is in Columbus, Ohio. Complaint at ¶ 9. For purposes of diversity jurisdiction, therefore, Safelite is a citizen of Delaware and Ohio.

Accordingly, Plaintiffs are citizens of a state different from Safelite, and diversity exists for federal jurisdiction under CAFA. *See* 28 U.S.C. §§ 1332(d)(2)(A).

11. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5 million. *See* 28 U.S.C. § 1332(d).

12. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The United States Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." To establish jurisdiction, Defendant must "allege facts with sufficient particularity to demonstrate that the amount in controversy exceeds" $5 million at the time of removal. *See* 28 U.S.C. § 1332(d)(2); *see also Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 43 (1st Cir. 2009).

13. In establishing the amount in controversy, a removing party is entitled to make reasonable assumptions. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015) ("[The removing party] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions."); *see also Oda v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *10 (C.D. Cal. Jan. 7, 2015) ("Where, as here, a plaintiff makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable assumptions.").

14. Moreover, Congress intended that any uncertainty of the removability of an interstate class action be resolved in favor of federal jurisdiction. *See Senate Judiciary Committee Report*, S. REP. 109-14, at 42 ("if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case").

15. Although the Complaint does not set forth an exact amount in controversy, the Complaint is seeking "compensatory damages, statutory trebling, interest, and attorney's fees." *See* Complaint at Prayer for Relief. The Complaint further alleges that "there is no reasonable likelihood that Plaintiffs will recover an amount less than or equal to $50,000." Complaint ¶ 3. Based upon that allegation, the Court can reasonably assume that Plaintiffs intend to recover no less than $25,000 each.

16. Plaintiffs further alleged that they are in all relevant respects "typical of the proposed class members because they have worked in the same job, with the same job title, performing the same work, and subject to the same timekeeping and pay policies as other technicians and master technicians." Complaint ¶ 30. Given this allegation the Court can

reasonably assume that the damages Plaintiffs seek on behalf of putative class members will be typical of the damages they seek on their own behalf.

17.     The Complaint defines a putative class of "all individuals who have worked for Safelite Fulfillment, Inc. in Massachusetts as an hourly-paid technicians or master technician since November 15, 2019." This putative class definition includes 671 individual current and former employees of Defendant.

18.     If Plaintiffs are seeking no less than $25,000 in money damages and Plaintiff's damages are typical of the other members of the putative class, the money damages being sought in this matter are no less than $16,775,000. This amount satisfies the amount in controversy requirement of CAFA. *See Manson v. GMAC Mortg. LLC*, 602 F. Supp. 2d 289, 294 (D. Mass. 2009) (finding CAFA's amount in controversy requirement was satisfied when Plaintiff contended her claims were "representative" of the class and Plaintiff's individual claimed damages multiplied by the number of class members exceeded $5 million).

19.     Under CAFA, attorneys' fees are also included in determining the amount in controversy, regardless of whether they are mandatory or discretionary. Here Plaintiffs seek attorneys' fees in an undisclosed amount, which further supports the conclusion that CAFA's amount in controversy requirements has been met.

20.     Venue is proper in the United States District Court for the District of Massachusetts, Eastern Division, pursuant to 28 U.S.C. § 1441 and Local Rule 40.1(C).

21.     A copy of this Notice for Removal is being filed with the Superior Court Department, Commonwealth of Massachusetts, Middlesex, SS. and served upon Plaintiffs.

22.     By filing this Notice of Removal, Defendant does not waive any defense available to it, jurisdictional or otherwise.

WHEREFORE, Defendant demands that the above action now pending against it in the Superior Court Department, Commonwealth of Massachusetts, Middlesex, SS. be removed therefrom to this Court.

Respectfully submitted,

/s/ *John M. Simon*
John M. Simon (BBO #645557)
STONEMAN, CHANDLER & MILLER LLP
99 High Street
Boston, MA 02110
(617) 542-6789 phone
(617) 340-8587 facsimile
Email: jsimon@scmllp.com

Daniel J. Clark (0075125)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6436
Email:  djclark@vorys.com
Counsel for Safelite Fulfillment, Inc.
*Motion for Admittance Pro Hac Vice to follow*

## Certificate of Service

I hereby certify that on January 17, 2023, I served a true and accurate copy of the foregoing document on each of the following parties by hand delivery and certified mail as follows:

Brant Casavant
Fair Work P.C.
192 South Street, Suite 450
Boston, Massachusetts 02111

and
Benjamin Knox Steffans
Steffans Legal PLLC
10 Wendell Ave. Ext. Suite 208
Pittsfield, MA 01201


/s/ *John M. Simon*
John M. Simon, Esq.